UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AIROOM LLC,<br>A Delaware limited liability company,<br><br>    Plaintiff,<br><br>v.<br><br>DEMI & COOPER, INC., an Illinois corporation,<br>CHARLES FALLS, and WALTER OTTENHOFF,<br><br>    Defendants. | Case No. 09 C 4205<br><br>Judge Joan B. Gottschall |

## MEMORANDUM OPINION AND ORDER

Demi & Cooper, Inc. ("Demi & Cooper"), Charles Falls (Demi & Cooper, Inc.'s owner), and Walter Ottenhoff (an employee of Demi & Cooper) (collectively, the "defendants") have moved to dismiss Airoom, LLC's ("Airoom's") amended complaint for lack of subject matter jurisdiction.[1] For the reasons set forth below, the motion is granted.

### I. BACKGROUND

Airoom hired Demi & Cooper – allegedly pursuant to a contract – to design and maintain its new website, airoomonline.com. (Pl.'s Resp. at 1; Am. Compl. ¶¶ 16-26.) Airoom's new website used the "Airoom" trademark. (Pl.'s Resp. at 1; Am. Compl. ¶¶ 16-26.) Airoom gave the defendants permission to use its Airoom registered mark for the purpose of creating a web address for the Airoom website. (Am. Compl. ¶ 25.) Eventually, the parties' relationship soured and Airoom decided to find a new agency to assist it with its website. (Pl.'s Resp. at 2; Am. Compl. ¶ 20). Demi & Cooper asked that Airoom pay its outstanding bill of about $4,500. (Am.

---

[1] The defendants have also moved to dismiss Airoom, LLC's amended complaint for failure to state a claim upon which relief can be granted. Because the court dismisses the amended complaint for lack of subject matter jurisdiction, the court does not reach the defendants' Rule 12(b)(6) arguments.

Compl. ¶ 20; Defs.' Mot. to Dismiss at 2.) The bill went unpaid. (Defs.' Mot. to Dismiss at 2.) On or about July 9, 2009, Demi & Cooper stopped hosting Airoom's website, causing visitors to be redirected to a "test page" commonly displayed when a "web address could not be found because the index file was damaged, altered, removed, or otherwise invalid." (Am. Compl. ¶ 21; Defs.' Mot. to Dismiss at 2.) According to the defendants, Airoom's website was down for five days before Demi & Cooper relinquished control of the website to Airoom. (Defs.' Mot. to Dismiss at 2.) On March 3, 2010, Airoom filed its amended complaint, seeking compensatory and statutory damages and injunctive relief under the Lanham Act, 15 U.S.C. § 1125(d). Airoom also brought several state law claims including tortious interference with prospective economic advantage, conversion, common law unfair competition, and a claim under the Illinois Consumer Fraud and Deceptive Trade Practice Act, 815 Ill. Comp. Stat. 505/1.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) enables a defendant to seek dismissal of a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "If subject matter jurisdiction is not evident on the face of the complaint, the motion to dismiss pursuant to Rule 12(b)(1) would be analyzed as any other motion to dismiss, by assuming for the purposes of the motion that the allegations in the complaint are true." *United Phosphorus, Ltd. v. Angus Chemical Co.*, 322 F.3d 942, 946 (7th Cir. 2003). However, "if the complaint is formally sufficient but the contention is that there is *in fact* no subject matter jurisdiction, the movant may use affidavits and other material to support the motion." *Id.* "The burden of proof on a 12(b)(1) issue is on the party asserting jurisdiction." *Id.* (*citing Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884 (3d Cir. 1977). In addition, "the court is free to weigh the evidence to determine whether jurisdiction has been established." *Id.* (*citing Capitol Leasing Co. v. FDIC*,

999 F.2d 188 (7th Cir. 1993); *Filetech S.A. v. France Telecom S.A.*, 157 F.3d 922 (2d Cir. 1998); *Carpet Group Int'l v. Oriental Rug Importers Ass'n*, 227 F.3d 62 (3d Cir. 2000)).

### III. ANALYSIS

#### A. Federal Subject Matter Jurisdiction

The defendants argue that Airoom, LLC's amended complaint must be dismissed under the artful pleading doctrine because although Airoom styles its lawsuit as a trademark action, its dispute actually arises out of a contract.[2] Under "the 'artful pleading' doctrine, courts will look beyond a plaintiff's characterization of a claim to determine whether the claim truly arises under federal law." *In re Cnty. Collector of Cnty. Of Winnebago, Ill.*, 96 F.3d 890, 896 (7th Cir. 1996) (*citing Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 397 n.2, 101 S. Ct. 2424 n.2, 2427, 69 L. Ed. 2d 103 (1981); *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993); *Burda v. M. Ecker Co.*, 954 F.2d 434, 438 (7th Cir. 1992); *United Jersey Banks v. Parell*, 783 F.2d 360, 367 (3d Cir. 1986)).

A lawsuit does not come within the federal question jurisdiction of 28 U.S.C. § 1331 where the only serious dispute is how an agreement allocates ownership rights in a trademark. *Int'l Armor & Limousine Co. v. Moloney Coachbuilders, Inc.*, 272 F.3d 912, 916 (7th Cir. 2001). In *International Armor*, Earle Moloney sold his limousine business and "the name 'Moloney Coach Builders[]' to Jacques Moore, who incorporated Moloney Coachbuilders, Inc., to carry on the business." *Id.* at 913. Earle started a new limousine business, which he named International Armor & Limousine Company ("International Armor"). *Id.* International Armor sued for

---

[2] In so arguing, the defendants have raised a factual challenge to the court's subject matter jurisdiction. *See ApexDigital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009) (*quoting United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003), and noting, "[A] factual challenge lies where 'the complaint is formally sufficient but the contention is that there is *in fact* no subject matter jurisdiction.'") Although the defendants did not attach a contract to their motion to dismiss, they did attach a contract to their reply in support of their motion to dismiss. (*See generally* Reply, Ex. A.)

3

declaratory judgment that use of Earle's name and corporate history (e.g. the right to say "in business since 1969") in advertising did "not violate § 43 of the Lanham Act, 15 U.S.C. § 1125, by making a confusingly false claim of origin." *Id.* The Seventh Circuit held that the district court lacked subject matter jurisdiction. *Id.* at 914. The Seventh Circuit reasoned, "The dispute arises under the law of contracts; any trademark claims are entirely derivative of the contract issues."[3] *Id.* at 916.

Accordingly, trademark claims are entirely derivative of contract issues where, but for a dispute between the parties about an alleged agreement, there would be no federal trademark issues to resolve. In *Mindy's Restaurant, Inc. v. Watters*, No. 08 C 5448, 2009 U.S. Dist. LEXIS 48054 (N.D. Ill. June 9, 2009), Mindy's Restaurant granted a license to James Watters to use its trademarks to operate a Mindy's Restaurant in Mokena, Illinois. *Id.* at *1-2. Mindy's Restaurant terminated the agreement for breach of contract. *Id.* at *2. Nevertheless, Watters continued to operate his Mindy's Restaurant and use the trademarks. *Id*. Mindy's Restaurant sued alleging trademark infringement and a number of state law claims. *Id*. The court held that it lacked subject matter jurisdiction. *Id.* at *12.

The court reasoned that the only issues that mattered were state law issues since "the dispositive issue is the dispute over the Licensing Agreement after the breakdown of the relationship between the parties." *Id.* at *11-12. Indeed, there was "no true dispute over the

---

[3] *Prominent Consulting LLC v. Allen Bros., Inc*., 543 F.Supp. 2d 877 (N.D. Ill. 2008), is distinguishable from the case at bar. Prominent had been retained by Allen Brothers to develop a new Allen Brothers website; the parties had executed an agreement that set forth their rights and obligations with respect to the ownership and use of the intellectual property associated with the new website. Prominent claimed, in its federal suit, that Allen Brothers had stolen the source code designed by Prominent in connection with their agreement and was using it to operate a website completely independent of the work being done by Prominent. The court found that, under these circumstances, Prominent had stated a federal claim that was not derivative of the state contract claim. This alleged copyright theft was independent of the parties' working arrangement: Allen Brothers had allegedly stolen Prominent's intellectual property for use in a completely separate venture. In the instant case, by contrast, the wrongfulness or rightfulness of all the conduct alleged to constitute trademark infringement depends entirely on the parties' working agreement.

4

meaning of federal trademark law or the application of federal trademark law." *Id.* at *12. The court further reasoned that this was "not a case where Defendants, out of nowhere, decided to misappropriate Plaintiffs' trademarks." *Id.* Rather, "there was an ongoing relationship between the parties . . . based on a contract." *Id.* The court found that the trademark claim was entirely derivative of the contract claim given that "[b]ut for the dispute relating to the contract between the parties, there would not be allegations of trademark violations." *Id.*

Airoom argues that its case is distinguishable from both *International Armor* and *Mindy's Restaurant* because those cases involve "disputes over contractual agreements transferring intellectual property," while "Airoom never licensed or sold its trademark to Defendants." (Resp. at 5-6.) Airoom argues that its claims can therefore "be resolved under federal law, without reference to any agreement between the parties." This is unpersuasive. Airoom admits giving Demi & Cooper permission to use its Airoom registered mark for the purpose of creating a web address for the Airoom website. (Am. Compl. ¶ 25.) Whether Demi & Cooper in fact exceeded the contracted for use is immaterial; either way the dispute remains one about the parties' agreement concerning the use of intellectual property. Therefore, Airoom's claims can only be resolved with reference to the business agreement between the parties. Despite Airoom's argument to the contrary, *International Armor* controls.

As in *Mindy's Restaurant*, there is no dispute over the meaning or application of federal trademark law or over whether Airoom owns the trademarks. *Mindy's Restaurant*, 2009 U.S. Dist. LEXIS 48054, at *8, *12. In addition, like *Mindy's Restaurant, Inc.*, "This is not a case where Defendants, out of nowhere, decided to misappropriate [the plaintiff's] trademarks." *Id.* at *12. Rather, "There was an ongoing relationship between the parties." *Id.* Furthermore, like *Mindy's Restaurant, Inc.*, "[b]ut for the post-termination contractual disputes relating to the

5

website registration protocol and the outstanding balance Plaintiff owes Defendant, there would be no allegations of cyberpiracy, trademark infringement, or unfair competition."[4] *Id.*; (Defs.' Mot. to Dismiss at 6.) Thus, this court concludes, as the court in *Mindy's Restaurant, Inc.* did, "that the instant action fails to 'arise under' federal law" because Airoom's federal trademark claims are entirely derivative of state law contract issues. *Id.*

Airoom further argues that the artful pleading doctrine should not apply because *International Armor* "held that when federal and state court remedies differ, the availability of alternate relief is enough to confer federal subject matter jurisdiction, even if the artful pleading doctrine would otherwise apply." (Resp. at 6.) This is incorrect. The Seventh Circuit merely opined in dicta that the availability of alternate remedies *may* be enough to confer federal subject matter jurisdiction. *See International Armor*, 272 F.3d at 916 ("A claim *might* arise under federal law even though all dispositive issues depend on state law if the remedies differ." (emphasis added)). As the defendants point out, there are cases in which the court dismissed the suit for lack of subject matter jurisdiction even though the plaintiff "demanded remedies not available under state law." (Reply at 6-7. (*citing*, *inter alia*, *Mindy's Restaurant*, 2009 U.S. Dist. LEXIS 48054 (demanding remedies under the Lanham Act for trademark infringement)).) This court declines to assert subject matter jurisdiction over a contractual dispute simply because federal and state remedies differ.

---

[4] The court finds that there was an agreement between the parties given Airoom's concession that it granted the defendants permission to use its trademark for a limited purpose. (*See* Am. Compl. ¶ 25.) Thus, it does not matter whether the unsigned, undated, written contract submitted with the reply is actually the contract between the parties. (*See* Reply Ex. A.) Even if Airoom hadn't conceded that it gave the defendants permission to use its trademark, the court finds that the dispute arose out of an ongoing business relationship between the parties.

**B.     Diversity Jurisdiction**

Since all of the parties are citizens of Illinois, (*see* Am. Compl. ¶¶ 4-9), the court also lacks diversity jurisdiction. *See* 28 U.S.C. § 1332.

**C.     Supplemental Jurisdiction**

As the defendants correctly point out, "once a district court has dismissed all claims over which it has original jurisdiction it may exercise supplemental jurisdiction over any supplemental state law claims."  (Defs.' Mot. to Dismiss at 6 (*citing* 28 U.S.C. § 1367(c)(3) (2006).) However, given that state courts are more familiar with contract issues, this court declines to do so.  Indeed, "The well-established law of this circuit . . . is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial." *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999).

### IV.     CONCLUSION

Accordingly, Airoom, LLC's amended complaint is dismissed for lack of subject matter jurisdiction.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: January 5, 2011

7